UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-81095-MARRA/MATTHEWMAN

ALMA-MATER COLLECTIONS, INC.,

    Plaintiff,

v.

CROSSROADS FINANCIAL, LLC,

    Defendant.
_____/

CROSSROADS FINANCIAL, LLC,

    Counterclaim Plaintiff,

v.

ALMA-MATER COLLECTIONS, INC.,

    Counterclaim Defendant,

and

JENNA LEE KIMSEY MEHARG and
DRESSU, LLC,

    Third-Party Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS [DE 302]**

**THIS CAUSE** is before the Court upon Defendant/Counterclaim Plaintiff Crossroads Financial, LLC's ("Defendant" or "Crossroads") Motion for Attorney's Fees and Costs ("Motion") [DE 302].[1] Plaintiff/Counterclaim Defendant Alma-Mater Collections, Inc. ("Alma-Mater") and

---

[1] Although the title of the Motion mentions costs, Crossroads has separately filed a Motion for Bill of Costs [DE 299]. That motion was disposed of on July 25, 2023. *See* DE 304.

Third-Party Defendants Jenna Lee Kimsey Meharg and DressU, LLC ("Counterclaim Defendants") did not file a response. Accordingly, the Honorable Kenneth A. Marra, United States District Judge, granted the Motion as it pertains to entitlement to fees and costs, and referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation as to the reasonableness of those requested fees and costs. *See* DE 305 at 3–4. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** the remainder of Defendant's Motion [DE 302]. In other words, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendant's Motion [DE 302] as it pertains to the reasonableness of Defendant's requested fees and the requested amount.

## I.     BACKGROUND

The instant case was filed on August 6, 2015. *See* DE 1. Later that same year, Crossroads—as the then-Plaintiff in this case—filed a Second Amended Complaint against Defendants Alma-Mater, Jenna Lee Kimsey Meharg ("Meharg"), and DressU, LLC ("DressU"). [DE 41]. In response, Alma-Mater, Meharg, and DressU filed an Answer and Affirmative Defense, with Alma-Mater alone filing an Amended Counterclaim against Crossroads. *See* DEs 42 and 122. The case was subsequently stayed pending resolution of a Texas state court case. [DE 136 at 2]. And, the case was later dismissed stemming from Crossroads' apparent dismissal from the Texas action and failure to prosecute. *See* DE 145 at 1–2.

However, because the case was closed while Alma-Mater's Amended Counterclaim remained pending, on May 15, 2019, the Court "correct[ed] its Order of Dismissal under Rule 60 to make clear that the dismissal does not encompass the Amended Counterclaim." [DE 150 at 2]. Accordingly, the Court reopened the case "for the limited purpose of allowing the Amended Counterclaim to proceed." *Id.* at 3–4. Eventually, Alma-Mater then filed a Third Amended

Counterclaim [DE 174] against Crossroads, alleging fraud in the inducement (Count I), breach of the covenant of good faith and fair dealing (Count II); negligence (Count III); and breach of contract (Count IV). [DE 174 at 13–18].

In an October 15, 2020 Order, the Court dismissed Alma-Mater's negligence claim with prejudice and directed a realignment of the parties "[b]ecause Crossroads' primary Complaint against Alma-Mater [was] . . . dismissed with prejudice, [leaving] only Alma-Mater's Counterclaims . . . for determination in this action." [DE 183 at 1 n.1, 17]. Crossroads thereafter filed Answer and Affirmative Defenses to Alma-Mater's Third Amended Counterclaim [DE 186] along with a Counterclaim [DE 187], in which Crossroads alleged breach of contract against Alma-Mater (Count I); breach of guaranty against Meharg (Count IV); breach of guaranty against DressU (Count V); and, in the alternative, unjust enrichment against Alma-Mater (Count VI).[2] [DE 187].

The case proceeded to a four-day bench trial before the Honorable Kenneth A. Marra in November of 2022. *See* DEs 284, 285, 286, 287. Subsequently, on May 25, 2023, the Court entered its Findings of Fact and Conclusions of Law [DE 297]. Specifically, the Court found that—as a result of Alma-Mater's breaches—Crossroads was damaged in the amount of $130,129.00. [DE 297 at 33]. Moreover, the Court found that, "[b]ased on the Guaranties, Meharg and DressU are also responsible to Crossroads for $131,129.00 in damages."[3] *Id.* Thus, the Court entered Judgment on behalf of Crossroads and against Alma-Mater, Meharg, and DressU—jointly and severally—in the amount of $130,129.00. [DE 298 at 1].

Following Judgment, Crossroads filed a Motion for Bill of Costs [DE 299], seeking $7,577.36 in taxable costs, which the Court subsequently taxed on July 25, 2023. [DE 304]. Crossroads also filed a Motion for Attorney's Fees and Costs [DE 302]. Thereafter, on August 14,

---

[2] Counts II and III were omitted from the Counterclaim.
[3] The $131,129.00 amount appears to be a typographical error. *See* DE 298.

2023, the Court entered an Order on Attorney's Fees and Costs [DE 305]. Specifically, as part of that Order, the Court found that, because Crossroads "prevailed on all claims asserted against it by Alma-Mater and prevailed on its counterclaims against Alma-Mater, Meharg and DressU under the applicable contracts," Crossroads "is entitled to recovery of attorney's fees and costs." [DE 305 at 3]. The Court also found that Crossroads "is entitled to recover attorney's fees and costs incurred in connection with all the claims asserted by Alma-Mater and by Crossroads in its counterclaims because all the claims involved a common core of facts." *Id.* at 4. Accordingly, the Court granted the Motion for Attorney's Fees and Costs [DE 305] as it pertained to entitlement to fees and costs, but referred the issue of the reasonableness and amount of those fees to the Undersigned. *Id.*

## II.    MOTION

As a preliminary matter, Crossroads notes that, pursuant to Local Rule 7.3(b), a draft of the Motion for Attorney's Fees and Costs was served upon counsel for Alma-Mater and Counterclaim Defendants Meharg and DressU, and that the Motion for Attorney's Fees and Costs "is being filed after counsel for Crossroads attempted to confer with counsel on issues regarding entitlement, the market rate of counsel's fees, and the amount of fees." [DE 302 at 1 n.1]. That being said, while Crossroads represents that the parties agreed to some items being excluded, Crossroads maintains that a dispute remains as to other items. *Id.* Moreover, Crossroads notes that, on August 10, 2016, Weiss Serota Helfman Cole & Bierman, PL ("Weiss Serota") was substituted as counsel for Crossroads. And, on March 24, 2022, Eric Lee, Esq. and the law firm of Lee & Amtzis, PL ("L&A") were substituted as counsel of record for Crossroads. *Id.* at 3.

Next, as it pertains to the reasonableness of the requested fees,[4] Crossroads states that:

---

[4] Discussion of entitlement within the Motion for Attorney's Fees and Costs has been omitted, as the Court has already found that Crossroads is entitled to attorney's fees and costs and that Crossroads is entitled to such fees and costs "in

> As to the hours incurred, L&A incurred 344.5 hours of professional and paralegal services over a period of approximately fifteen (15) months, including trial; and Weiss Serota incurred 126 hours of professional and paralegal services over a period of approximately two (2) years. . . . [O]ther than the amounts Crossroads has conceded as part of its good faith effort to resolve the issues raised in this Motion, the fees incurred are reasonable.

[DE 302 at 9]. Thereafter, Crossroads addresses the factors enumerated within *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as it pertains to the reasonableness of the requested fees. More specifically, Crossroads addresses: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) whether the fee is fixed or contingent; (5) the amount involved and the results obtained; (6) the experience, reputation, and ability of the attorneys; and (7) the undesirability of the case. [DE 302 at 11–14].

Additionally, as to L&A, Crossroads argues that Eric Lee, Esq. has been licensed since 1992, that he has extensive experience in state and federal courts, and that his standard hourly rate of $450.00 is "commensurate with legal community standards for similar services by lawyers of reasonable comparable skills, experience, and reputation."[5] *Id.* at 10. As to Weiss Serota, Crossroads notes that Howard DuBosar, Esq., has 36 years of complex business litigation experience in both state and federal courts, and that his hourly rate of $550.00 is also "commensurate with legal community standards for similar services by lawyers of reasonably comparable skills, experience, and reputation."[6] *Id.* 9–10. And, Crossroads has attached the Declaration of Eric Lee, Esq. [DE 302-3 at 1–4], the billing logs of L&A [DE 302-3 at 5–74], the

---

connection with all the claims asserted by Alma-Mater and by Crossroads in its counterclaims because all the claims involved a common core of facts." [DE 305 at 4].

[5] Crossroads also notes that Dori S. Solomon, Esq., has 29 years of experience as a business litigation associate. [DE 302-3 at 3].

[6] Crossroads further notes that Richard Rosengarten, Esq., has 10 years of business litigation experience as a partner, and that paralegal Tess Novak has been registered as a paralegal with the Florida Bar since 2011. [DE 302-4 at 2].

5

Declaration of Howard D. DuBosar, Esq. [DE 302-4 at 1–5], and Ledger Reports from Weiss Serota [DE 302-4 at 6–15].

Importantly, at the conclusion of its Motion, Crossroads states that it has conceded to a reduction of "some" of the fees incurred. [DE 302 at 14]. Specifically, Crossroads states it

> has agreed to a reduction of the time incurred in by L&A in the amount of $3,250.00 for paralegal time putting together exhibit binders. Crossroads has also agreed to a reduction of the time incurred by Weiss Serota to account for the issues relating to the Motion for Relief from Judgment. Based on the time entries designated by the Plaintiff/Counterclaim Defendants, such time entries equate to two hours for Howard Rosenbaum and 12.8 hours for Richard Rosengarten. Thus, Crossroads agrees to reduce the demand relating to the Weiss Serota time by $1,000.00 (DuBosar time) and $4,096.00 (Rosengarten time) for a total fee reduction of $5,196.00.

*Id.*[7] Thus, Crossroads maintains that it is seeking $129,103.00 in fees for time incurred with L&A, and $38,267.50 for attorney's fees incurred with Weiss Serota, for a total attorney's fee amount of $167,370.50.

### III.   DISCUSSION

a. Legal Standard

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See id.* at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3)

---

[7] The name Howard Rosenbaum appears to be a typographical error and should instead be Howard DuBosar.

> the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorney's fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See id.* at 427. With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated that

> [t]he "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

*Id.* at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill,*

7

*reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* (quoting *Norman*, 836 F.2d at 1301). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

    b. <u>Reasonable Attorney's Fees Amount</u>

In this case, while the Motion notes that Alma-Mater and the Counterclaim Defendants are disputing certain matters pertaining to the reasonableness of the requested fees, Alma-Mater and the Counterclaim Defendants have failed to file a response to the Motion outlining such dispute. Therefore, the Court finds that, to the extent Alma-Mater and the Counterclaim Defendants have failed to object to the reasonableness of the hourly rates of counsel and to specific billing entries, Alma-Mater and the Counterclaim Defendants have waived any argument as to the reasonableness of those rates or time entries. *See Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2021 WL 2269822, at *9 (S.D. Fla. Apr. 30, 2021), *report and recommendation adopted*, No. 18-cv-60912, 2021 WL 2024424 (S.D. Fla. May 21, 2021) (finding that failure to object to the reasonableness of the amount requested resulted in waiver of objection as to the reasonableness of the claimed fees). Nonetheless, the Court will still fulfill its independent duty to determine reasonableness.

In light of Crossroads' agreement to reduce the attorney's fees incurred by L&A in the amount of $3,250.00 (which the Court notes appears to be the time attributable to paralegal Asha

Seepersad),[8] Crossroads is seeking $129,103.00 in attorney's fees tied to L&A (248.3 hours for Eric Lee, Esq. at an hourly rate of $450.00; 48.1 hours for Dori S. Solomon, Esq. at an hourly rate of $350.00; and 4.1 hours for paralegal Ziva Allen at an hourly rate of $130.00). Further, in light of Crossroads' agreement to reduce Howard DuBosar, Esq.'s hours by 2 (at an hourly rate of $550.00 per hour), and to reduce Richard Rosengarten, Esq.'s hours by 12.8 (at an hourly rate of $320.00 per hour), Crossroads is seeking $38,267.50 in attorney's fees tied to Weiss Serota (15.6 hours for Mr. DuBosar at an hourly rate of $550.00; 90.7 hours for Mr. Rosengarten at an hourly rate of $320.00; and 4.9 hours for paralegal Tess Novak at an hourly rate of $140.00, reduced to the amount Crossroads specifically requested in its Motion).[9] These amounts are supported by the Declaration of Mr. Lee [DE 302-3], the billing logs of L&A [DE 302-3], the Declaration of Mr. DuBosar [DE 302-4], and Ledger Reports from Weiss Serota [DE 302-4].

Having considered the information contained in the Motion and the various attached documents, and the *Johnson* factors, and based upon the Undersigned's own knowledge and experience, the Undersigned concludes that Crossroads' counsel's hourly rates are reasonable and appropriate. Specifically, the Court finds that the $450.00 hourly rate for attorney Eric Lee (with over 31 years of experience) is reasonable and appropriate, and therefore also finds that the $350.00 hourly rate of attorney Dori S. Solomon (with over 29 years of experience) is reasonable and appropriate in this case. *See O'Laughlin v. Palm Beach County,* No. 19-80701-CIV, 2022 WL

---

[8] *See* DE 302 at 12.

[9] The Court notes that Crossroads' Motion as it pertains to the requested amount for Weiss Serota contains several errors. Specifically, Crossroads represents that it is reducing Mr. DuBosar's time by 2 hours for a total reduction of $1,000.00 (but his hourly rate is $550.00 per hour, which would therefore render a reduction of $1,100.00). Additionally, the total values tied to Mr. DuBosar, Mr. Rosengarten, and Ms. Novak very clearly do not properly account for the listed number of hours multiplied by the listed hourly rate. For example, prior to reducing Mr. DuBosar's time by 2 hours, Crossroads lists 17.6 billable hours at a $550.00 hourly rate in its Motion. While this amount would necessarily total $9,680.00, Crossroads lists the total amount as $9,712.50. After multiplying the reduced number of hours by the listed hourly rates, the Undersigned has determined that Crossroads is seeking **$38,290.00** in attorney's fees tied to Weiss Serota. However, in the Motion, Crossroads only requests **$38,267.50** for Weiss Serota. Therefore, the Court will assume Crossroads is seeking the lower amount.

16924182, at *8 (S.D. Fla. Oct. 26, 2022), *report and recommendation adopted*, No. 19-80701-CIV, 2022 WL 16921843 (S.D. Fla. Nov. 14, 2022) (finding a $575.00 hourly rate reasonable for counsel with approximately 37 years of experience). Further, the Court finds that the $550.00 hourly rate for attorney Howard DuBosar (who has over 36 years of experience) is reasonable and appropriate, and that the $320.00 hourly rate for Richard Rosengarten (who has over 10 years of experience) is reasonable and appropriate in this case. *See O'Laughlin*, 2022 WL 16924182, at *8 (finding a $575.00 hourly rate reasonable for counsel with approximately 37 years of experience); *see also Southern-Owners Ins. Co. v. Marquez*, No. 20-81341-CIV, 2022 WL 2651661, at *14 (S.D. Fla. July 8, 2022) (finding an hourly rate of $335.00 reasonable for an attorney with roughly ten years of experience). Finally, considering that Alma-Mater and the Counterclaim Defendants failed to file a response to the Motion, the Court finds that the $130.00 hourly rate for paralegal Ziva Allen, as well as the $140.00 hourly rate for paralegal Tess Novak, are also reasonable and appropriate in this case. *See Southern-Owners Ins. Co.*, 2022 WL 2651661, at *14 (finding a reduction in the hourly rate of paralegals from $160.00 to $125.00 appropriate where there was little assertion as to their experience in a case in which the reasonableness of fees was heavily disputed).

Additionally, having reviewed the billing logs and Ledger Reports attached to the Motion [DEs 302-3 and 302-4], the Undersigned concludes that the hours billed are reasonable. This is a case that was filed on August 6, 2015, and has necessitated multiple renditions of counsel. Moreover, after L&A entered the case, the parties filed motions for summary judgment, which were ultimately denied. [DE 267]. The four-day bench trial in this case then commenced on November 7, 2022, more than seven years after the case was initially filed. [DE 278]. Given the length and scope of this case, having reviewed the time entries, and noting that Alma-Mater and

the Counterclaim Defendants failed to file a response objecting to the reasonableness of the time billed, the Undersigned concludes that the hours billed by Crossroads' counsel are reasonable. Therefore, the Undersigned **RECOMMENDS** that Crossroads be awarded a total of $167,370.50 (consisting of $38,267.50 for L&A and $129,103.00 for Weiss Serota) in attorney's fees.

## IV.    CONCLUSION

In light of the foregoing, the Undersigned **RECOMMENDS** that the District Judge enter an Order **GRANTING** the remainder of Crossroads' Motion [DE 302]. Specifically, the Undersigned **RECOMMENDS** that the District Judge award Crossroads attorney's fees in the amount of $167,370.50 and enter a judgment against Alma-Mater and the Counterclaim Defendants for such amount, applying the appropriate statutory interest.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Kenneth A. Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge