UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-81095-MARRA/MATTHEWMAN

ALMA-MATER COLLECTION, INC.,

    Plaintiff,

v.

CROSSROADS FINANCIAL, LLC,

    Defendant.
_____/

CROSSROADS FINANCIAL, LLC,

    Counterclaim Plaintiff,

v.

ALMA-MATER COLLECTION, INC.,

    Counterclaim Defendant,

and

JENNA LEE KIMSEY MEHARG and
DRESSU, LLC,

    Third-Party Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON JUDGMENT CREDITOR'S MOTION FOR CONTEMPT [DE 321]

**THIS CAUSE** is before the Court upon Judgment Creditor Crossroads Financial, LLC's ("Judgment Creditor" or "Crossroads") Motion for Contempt ("Motion") [DE 321]. Judgment Debtors Alma-Mater Collection, Inc., DressU, LLC, and Jenna Lee Kimsey Meharg (collectively, "Judgment Debtors") did not file a response. The Motion was referred to the Undersigned United States Magistrate Judge by the Honorable Kenneth A. Marra, United States District Judge. [DE

322]. The Court held an in-person Show Cause / Evidentiary Hearing related to the Motion, on August 9, 2024. For the reasons that follow, the undersigned United States Magistrate Judge **RECOMMENDS** that the United States District Judge **GRANT** Judgment Creditor's Motion [DE 321].

## I.  BACKGROUND

On May 25, 2023, following a four-day bench trial, the Court issued its Findings of Facts and Conclusions of Law [DE 297]. That same day, the Court entered Judgment [DE 298] in favor of Crossroads and against the Judgment Debtors in the amount of $130,129.00, jointly and severally. [DE 298 at 1.].

Thereafter, Crossroads filed a Motion for Attorney's Fees and Costs [DE 302], seeking $167,370.50 in attorney's fees. [DE 302 at 14]. Following a referral, the Undersigned entered a Report and Recommendation on [Crossroad's] Motion for Attorney's Fees and Costs [DE 308], ultimately recommending that Crossroads be awarded its requested attorney's fees amount.[1] [DE 308 at 11]. In other words, the Undersigned recommended that Crossroads be awarded $167,370.50 in attorney's fees. *Id.* And, notably, as part of that recommendation, the Undersigned specifically found that attorney Eric Lee's $450.00 hourly rate was reasonable and appropriate. *Id.* at 9.

Subsequently, on January 3, 2024, Judge Marra affirmed the Undersigned's Report and Recommendation concerning Crossroad's motion for attorney's fees. [DE 309]. Accordingly, Judge Marra entered an additional Judgment [DE 310] in favor of Crossroads and against Judgment Debtors in the amount of $167,370.50. [DE 310 at 1].

---

[1] As stated in the Undersigned's Report and Recommendation, "[a]lthough the title of the Motion mentions costs, Crossroads has separately filed a Motion for Bill of Costs [DE 299]. That motion was disposed of on July 25, 2023. *See* DE 304." [DE 308 at 1 n.1.]

However, the somewhat tortured history of this case did not conclude with the two Judgments [DEs 298 and 310]. On March 20, 2024, Crossroads filed a Motion to Compel Discovery in Aid of Execution [DE 314], which was then referred to the Undersigned. *See* DE 315. The Undersigned granted the motion pursuant to S.D. Fla. L.R. 7.1(c) because of Judgment Debtors' failure to respond to the motion. [DE 319 at 3]. The Court also granted the motion on the merits pursuant to Rule 69 of the Federal Rules of Civil Procedure, finding the "21 Interrogatories and the 12 Document Requests permissible under Rule 69(a)(2) in light of the 'broad discovery' afforded a judgment creditor into a judgment debtor's assets." *Id.* at 4. To this end, the Undersigned required Judgment Debtors to "respond to Judgment Creditor's First Set of Interrogatories and Request for Production in Aid of Execution [DE 314-1] on or before **May 15, 2024**." *Id.* The Undersigned further noted that sanctions would be considered at a future date "if this Order is not complied with fully and promptly." *Id.* at 5.

Importantly, at the time the Motion to Compel Discovery in Aid of Execution [DE 314] was filed, Judgment Debtors had counsel. However, counsel was unable to contact the Judgment Debtors, and therefore sought to withdraw from the case. *See* DEs 317, 318. Judge Marra granted counsel's motion to withdraw, leaving all three Judgment Debtors without counsel. *See* DE 320. The Judgment Debtors failed to respond to the requisite discovery by May 15, 2024. Consequently, Judgment Creditor (Crossroads) filed the instant Motion for Contempt [DE 321], which was then also referred to the Undersigned. *See* DE 322.

## II.   THE MOTION [DE 321]

Crossroads contends that "the Judgment Debtors' failure to comply with this Court's Order and their discovery obligations require[s] the issuance of a coercive contempt Order." [DE 321 at 2]. Indeed, Crossroads maintains that "sanctions are appropriate and necessary both to compel the

3

Judgment Debtors to comply with this Court's Order Granting Judgment Creditor's Motion to Compel Discovery in Aid of Execution and to compensate the Judgment Creditor for the attorney's fees it has reasonably incurred in responding to the Judgment Debtors' noncompliance." *Id.* at 3.

In this regard, Crossroads maintains that the Court's Order Granting Judgment Creditor's Motion to Compel Discovery in Aid of Execution ("Discovery Order") [DE 319] is a "valid and lawful Order," is clear and unambiguous, and that the Judgment Debtors had the ability to comply with the Order but refused to do so. [DE 321 at 5–8]. Thus, because Judgment Debtors have violated the Discovery Order, Crossroads argues that this Court "may impose both coercive and compensatory sanctions." *Id.* at 9.

According to Crossroads, "[w]hen devising sanctions to ensure compliance with [an] Order, the Court must consider 'the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the amount of the contemnor's financial resources and consequent seriousness of the burden to him.'" *Id.* (quoting *Matter of Trinity Indus.*, 876 F.2d 1485, 1493–94 (11th Cir. 1989)). In considering such, a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration are appropriate options. *Id.* (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991)).

Crossroads therefore "requests that the Court impose a daily fine against the Judgment Debtors for their continued misconduct in an amount that incentivizes them to immediately comply with the Court's Order and respond to the Judgment Creditor's Discovery Request[,]" with the amount being "paid weekly to the registry of the Court until they comply." *Id.* Moreover, Crossroads requests a compensatory award for attorney's fees and costs "expended by the Judgment Creditor in connection with the enforcement of this Court's Order." *Id.* at 11.

4

### III. THE COURT'S ORDER SETTING EVIDENTIARY / SHOW CAUSE HEARING AND REQUIRING JUDGMENT DEBTOR JENNA LEE KIMSEY MEHARG TO BE PERSONALLY PRESENT AT THE HEARING [DE 324]

Based on the Motion for Contempt [DE 321], the Undersigned entered an "Order Setting Evidentiary Hearing / Show Cause Hearing as to Why Judgment Debtors Should Not Be Held in Contempt of Court with Respect to Judgment Creditor Crossroads Financial, LLC's Motion for Contempt" ("Show Cause Order") [DE 324]. In that Show Cause Order, the Undersigned required Alma-Mater Collection, Inc. and DressU, LLC to obtain counsel on or before July 22, 2024, and required Crossroads to personally serve each Judgment Debtor with a copy of the Show Cause Order and to file proof of service no later than July 15, 2024. [DE 324 at 2–4]. The Undersigned also required Judgment Debtors to appear in person at the August 9, 2024 Evidentiary / Show Cause Hearing. *Id.* at 2. Indeed, the Undersigned specifically warned the Judgment Debtors as follows:

> **JUDGMENT DEBTORS ARE HEREBY ADVISED THAT, IF THEY FAIL TO FULLY COMPLY WITH THIS ORDER, ADDITIONAL CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST THEM, AND THEY MAY BE FOUND IN CONTEMPT OF COURT. FURTHER, SHOULD JUDGMENT DEBTOR MEHARG FAIL TO APPEAR AT HER SHOW CAUSE HEARING/EVIDENTIARY HEARING, AN ARREST WARRANT OR WRIT OF BODILY ATTACHMENT MAY BE ISSUED BY THE COURT DIRECTING THE UNITED STATES MARSHAL TO BRING JUDGMENT DEBTOR MEHARG BEFORE THE COURT. MOREOVER, FURTHER SANCTIONS MAY BE IMPOSED UPON JUDGMENT DEBTORS, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES FOR ANY VIOLATION OF THIS COURT ORDER.**

*Id.* at 3. And finally, the Undersigned noted that any motions for continuance must be filed on or before July 31, 2024. *Id.* at 3–4.

Alma-Mater Collection, Inc. and DressU, LLC did not obtain counsel on or before July 15, 2024, as required by the Undersigned, and did not respond in any manner to the Court's several

orders. Moreover, on July 9, 2024, Crossroads filed a Certificate of Compliance with Court Order [DE 325]. Attached to the Certificate of Compliance was a Return of Service [DE 325-1] indicating that Judgment Debtor Jenna Lee Kimsey Meharg was personally served on July 1, 2024 at 3:25 p.m., with a copy of the Show Cause Order.[2] [DE 325-1 at 1].

## IV.  THE AUGUST 9, 2024 EVIDENTIARY / SHOW CAUSE HEARING

Judgment Debtors failed to appear at the duly noticed Evidentiary / Show Cause Hearing, as required by the Court's Show Cause Order [DE 324]. During the hearing, attorney Eric Lee confirmed that Judgment Debtors had not responded to the requisite discovery requests, and that the Judgment Debtors had not paid any monies toward the two Judgments in this case.

Accordingly, the Undersigned found, and hereby FINDS, that Judgment Debtors have engaged in bad faith conduct by violating several Court Orders. The Undersigned FINDS that the Judgment Debtors have knowingly and intentionally violated several Court Orders, including failing to appear as required at the Evidentiary / Show Cause Hearing. The Undersigned thus indicated at the hearing that a Report and Recommendation and Order would be issued, finding: (1) Judgment Debtors in contempt; (2) that a coercive daily fine was appropriate; (3) that Crossroads was entitled to its attorney's fees and costs in bringing the Motion for Contempt; and (4) that an arrest warrant or, alternatively, a writ of bodily attachment, was proper as to Judgment Debtor Jenna Lee Kimsey Meharg.[3] *See* DE 326. These findings are discussed in further detail below.

---

[2] Jenna Lee Kimsey Meharg is the registered agent of Alma-Mater Collection, Inc. and DressU, LLC, according to the Georgia Corporations Division website. She is also personally a Judgment Debtor in this case. She was personally served with the Show Cause Order [DE 325] and yet flagrantly violated the Court's Order on her own behalf, and the two Judgment Debtors also flagrantly violated the Court's Order.

[3] The Undersigned now finds it prudent to simply enter a single Report and Recommendation rather than an additional Order.

Additionally, as it pertains to an award of attorney's fees and costs, the Undersigned required Mr. Lee to file an affidavit as to the number of hours reasonably expended in connection with the Motion for Contempt, since the Court already found an hourly rate of $450.00 to be reasonable for Mr. Lee as part of the Report and Recommendation on [Crossroad's] Motion for Attorney's Fees and Costs [DE 308]. Mr. Lee subsequently filed a Declaration as to Attorney's Fees and Costs Relating to the Motion to Compel and Order to Show Cause Hearing [DE 327]. Within that Declaration [DE 327-1], Mr. Lee attested that he has "over 31 years of experience in complex litigation matters in both state and federal courts," that he spent 3.5 total hours on the Motion to Compel and related matters, that his "standard hourly rate for this client is $495.00[,]" and that Crossroads "has incurred $1,732.50 to pursue the Motions to Compel." [DE 327-1 at 2].

## V. LEGAL STANDARD

A motion seeking sanctions under the Court's inherent powers requires a showing of bad faith conduct. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018)). "In the context of inherent powers, the party moving for sanctions must show subjective bad faith." *Id.* (citing *Hernandez*, 898 F.3d at 1306; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)).

A district court has "the inherent authority to enforce its own orders by the exercise of contempt powers." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (holding the defendant in contempt of court for failing to comply with order requiring it to complete fact information sheet). "Where a party continuously violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them." *Id.* at 1360 (citing *Brother v. BFP Investments, Ltd.*, 2010 WL 2978080 at *5–7 (S.D. Fla. July 26, 2010)). A petitioner "must [first]

establish by clear and convincing evidence that the alleged contemnor violated [a] court's earlier order." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citing *United States v. Roberts,* 858 F.2d 698, 700 (11th Cir. 1988)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002). Once this prima facie showing is made, the burden "shifts to the alleged contemnor 'to produce evidence explaining his noncompliance' at a 'show cause' hearing." *Chairs*, 143 F.3d at 1436 (quoting *Citronelle–Mobile,* 943 F.2d at 1301). A contemnor "demonstrate[s] an inability to comply only by showing that [he has] made 'in good faith all reasonable efforts to comply.'" *Id.* (alterations in original) (quoting *Citronelle-Mobile*, 943 F.2d at 1301).

The burden of proof for imposing fees as a sanction under the Court's inherent authority is clear and convincing evidence that sanctions are justified. *Weinstock v. Storm Tight Windows, Inc.*, 20-CV-60256, 2021 WL 3239460, at *6 (S.D. Fla. July 20, 2021), *report and recommendation adopted*, 20-60256, 2021 WL 3203536 (S.D. Fla. July 28, 2021); *GE Med. Sys. S.C.S. v. SYMX Healthcare Corp.*, 18-cv-20922, 2021 WL 821433, at *20 (S.D. Fla. Mar. 4, 2021); *In re Engle Cases*, 283 F. Supp. 3d 1174, 1225 (M.D. Fla. 2017). It is within the Court's discretion to award fees under the Court's inherent authority. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach.").

Moreover, with respect to contempt sanctions in particular, the Court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and/or coercive incarceration. *See Citronelle-Mobile*, 943 F.2d at 1304. However, "[i]n establishing an amount to

impose, the court must consider several factors, including the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about the compliance, and the amount of the contemnor's financial resources and consequent seriousness of the burden to him." *Matter of Trinity Indus.*, 876 F.2d at 1493–94.

And finally, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in [the Rules of Civil Procedure]—or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Should an individual fail to cooperate with the corresponding discovery in aid of execution, Rule 37 sanctions are applicable. *See id.*; *see also Saud v. Parker Brothers Concepts, Inc.*, No. 18-cv-1884-CEM-LRH, 2021 WL 2207057, at *3 (M.D. Fla. Apr. 16, 2021) ("The Court cautions Mr. Parker, however, that Plaintiff is entitled to conduct discovery in aid of execution of the judgment against him, which includes the taking of depositions. *See* Fed. R. Civ. P. 69(a)(2); Fed. R. Civ. P. 37. Thus, if Mr. Parker fails to appear for a properly noticed deposition, he could be subject to sanctions. *See* Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3).").

## VI.   DISCUSSION AND ANALYSIS

Here, Judgment Debtors have violated multiple Court Orders. Specifically, Judgment Debtors have knowingly and intentionally failed to comply with the Undersigned's Discovery Order [DE 319], by failing to "respond to Judgment Creditor's First Set of Interrogatories and Request for Production in Aid of Execution [DE 314-1] on or before **May 15, 2024**." [DE 319 at 14]. Judgment Debtors also knowingly and intentionally failed to comply with the Undersigned's Show Cause Order [DE 324], by failing to obtain counsel for Alma-Mater Collection, Inc. and DressU, LLC, and by failing to appear for the August 9, 2024 Evidentiary / Show Cause Hearing.

9

*See* DE 324 at 2. This contemptuous conduct was engaged in by Judgment Debtors despite the Court clearly advising Judgment Debtors of the potential ramifications of their failure to comply with the Show Cause Order and despite warning Judgment Debtor Jenna Lee Kimsey Meharg that an arrest warrant or writ of bodily attachment may be issued in the event of her noncompliance. *Id.* at 3. In fact, this contemptuous conduct occurred despite Judgment Debtors receiving personal service of the Show Cause Order. *See* DE 325-1 at 1.

The Discovery Order and Show Cause Order were clearly valid and lawful, were clear and unambiguous, and the Judgment Debtors had the ability to comply with both Orders. The Undersigned finds that Crossroads has established by clear and convincing evidence that Judgment Debtors have knowingly, willfully, and intentionally violated a Court Order (indeed, now *several* Court Orders), and the Undersigned therefore further finds that Judgment Debtors have engaged in subjective bad faith by repeatedly ignoring those Court Orders. *See Chairs*, 143 F.3d at 1436; *Hyde*, 962 F.3d at 1310. Moreover, the Undersigned finds that Crossroads has established by clear and convincing evidence that imposing fees as a sanction is justified. *Weinstock*, 2021 WL 3239460, at *6.

In this regard, with respect to an award of attorney's fees and costs, based upon: (1) the Undersigned's inherent authority; (2) Rule 37 of the Federal Rules of Civil Procedure; and (3) Mr. Lee's Declaration [DE 327-1], the Undersigned finds an award of $1,732.50 to be proper (representing an hourly rate of $495.00 and 3.5 hours expended) as a sanction in this case. *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994))). While Mr. Lee's hourly rate of $495.00 is higher than the rate he previously requested ($450.00), the

Undersigned finds the increased hourly rate proper in this case based upon the Undersigned's own knowledge and experience, and upon the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Indeed, sanctions are particularly appropriate in this case, as the Undersigned previously warned the Judgment Debtors that, while the Court was not going to award Rule 37 sanctions at the time of the Discovery Order [DE 319], sanctions would be considered at a future date if Judgment Debtors failed to comply fully and promptly with the Discovery Order. [DE 319 at 5]. Clearly, Judgment Debtors did not comply fully and promptly with the Discovery Order, as Judgment Debtors violated an additional Court Order by failing to attend the August 9, 2024 Evidentiary / Show Cause Hearing.

Further, under the circumstances of this particular case—where Judgment Debtors are ignoring two Judgments, several Court Orders, and have not paid anything to satisfy those Judgments—it is also extremely clear that the only way to obtain compliance with this Court's Orders is to find Judgment Debtors in civil contempt, to impose upon Judgment Debtors a fine of $200 per day until Judgment Debtors (jointly and severally) purge themselves of the contempt, and to have the individual Judgment Debtor Jenna Lee Kimsey Meharg arrested, or to issue a writ of bodily attachment, and have her brought before a federal court. *See Citronelle-Mobile*, 943 F.2d at 1304 (stating that a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration may be appropriate). Judgment Debtor Kimsey Meharg has repeatedly thumbed her nose at Court Judgments and Orders and has engaged in bad faith, contemptuous conduct by her actions in this case. This Court cannot tolerate a party like Judgment Debtor Kimsey Meharg refusing to comply with valid Court Orders without severe consequences.

## VII.    CONCLUSION

In light of the foregoing, the undersigned United States Magistrate Judge **RECOMMENDS** as follows:

1. that Judgment Creditor's Motion for Contempt [DE 321] Motion for Contempt be GRANTED;

2. that the District Judge find that Judgment Creditor is entitled to an award of $1,732.50 in attorney's fees and costs against all three Judgment Debtors jointly and severally, related to the efforts Judgment Creditor has made to pursue discovery in aid of execution of judgment, and enter a Judgment thereon against all three Judgment Debtors;

3. that the District Judge find that Judgment Debtors (Alma-Mater Collection, Inc., DressU, LLC, and Jenna Lee Kimsey Meharg) are in CIVIL CONTEMPT for knowingly, willfully, and intentionally failing to comply with Court Orders, acting in bad faith, and for failure to appear at the Evidentiary / Show Cause Hearing on August 9, 2024;

4. that the District Judge impose upon Judgment Debtors, jointly and severally, a fine of $200.00 per day until they purge themselves of the contempt by fully and completely responding to Judgment Creditor's First Set of Interrogatories and Request for Production in Aid of Execution [DE 314-1];[4] and

5. that the District Judge issue an arrest warrant, or writ of bodily attachment, also referred to at times as a "pickup order," directing the United States Marshal to seize the body of Judgment Debtor Jenna Lee Kimsey Meharg and take her into custody, that Judgment Debtor Jenna Lee Kimsey Meharg be taken to the nearest U.S. District Court for an initial

---

[4] With respect to the $200.00 amount, the Court has considered the character and magnitude of the harm threatened by the Judgment Debtors' continued contumacy, the probable effectiveness of the fine in bringing about compliance, and the nearly $300,000.00 in money owed pursuant to the Court's Judgments. *See Matter of Trinity Indus.*, 876 F.2d at 1493–94.

appearance, and then be required to appear before this Court, to be held in custody until Judgment Debtor Kimsey Meharg fully and completely responds to Judgment Creditor's First Set of Interrogatories and Request for Production in Aid of Execution [DE 314-1], or until further Order of the Court, with the writ of bodily attachment, "pickup order," or arrest warrant, becoming effective after a period of thirty (30) days from the date of its issuance so as to give Judgment Debtor Kimsey Meharg additional time to fully comply with the outstanding discovery requests and avoid being taken into custody by the U.S. Marshal.

6. The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Judgment Debtor Jenna Lee Kimsey Meharg at 227 Alston Circle, Lexington, SC, 29072 and at 1307 Heritage Mist Court SW, Mableton, GA, 30126. The Clerk of Court is also **DIRECTED** to mail a copy of this Report and Recommendation to Judgment Debtor Alma-Mater Collection, Inc. at 3961 Floyd Rd., Ste. 300-146, Austell, GA, 30106 and at 3791 Herren Drive, Smyrna, GA, 30082. And, the Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Judgment Debtor DressU, LLC at 3961 Floyd Rd., Ste. 300-146, Austell, GA, 30106.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Kenneth A. Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of August, 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge